UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GINNY SIEVERT,

    Plaintiff,

v.

THE CITY OF SPARKS,

    Defendant.

3:12-cv-0526-LRH-WGC

ORDER

    Before the court is plaintiff Ginny Sievert's ("Sievert") motion to strike certain exhibits proffered in support of defendant the City of Sparks, Nevada's (the "City") motion for summary judgment (Doc. #26[1]). Doc. #31. The City has filed an opposition (Doc. #42) to which Sievert replied (Doc. #44).

**I.    Facts and Background**

    Sievert is currently employed by the City's Fire Department as a Battalion Chief. On September 27, 2012, Sievert filed a complaint against the City for employment discrimination. Doc. #1. In response to Sievert's complaint, the City filed a motion for summary judgment. Doc. #26. Along with its motion, the City submitted over sixty different exhibits. Thereafter, Sievert filed the present motion to strike three of the exhibits. Doc. #31.

///

---

[1] Refers to the court's docket number.

## II. Legal Standard

In addressing a motion for summary judgment, a court may only consider admissible evidence. *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). However, at the summary judgment stage, the court is not concerned with the form of the evidence, but rather with the admissibility of the evidence's content. *See e.g., Block v. City of Los Angeles*, 253 F.3d 410, 418-419 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."); *Fed. Deposit Ins. Corp. v. N.H. Ins. Co.*, 953 F.2d 478, 485 (9th Cir. 1991) ("[t]he nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

## III. Discussion

In her motion, Sievert seeks to strike Exhibits 28, 32, and 56 submitted in support of the City's motion for summary judgment (Doc. #26). *See* Doc. #31. The court shall address each exhibit below.

### 1. Exhibit 28

Exhibit 28 is an arbitration opinion and award authored by Catherine Harris, Esq., a neutral arbitrator mutually selected by the City and the Fire Fighters' Union to resolve non-party Christopher Jones' 2009 promotional process grievance. *See* Doc. #26, Exhibit 28.

In her motion, Sievert argues that Exhibit 28 contains inadmissible hearsay, and thus, it should be stricken from the record in its entirety. *See* Doc. #31. In particular, Sievert contends that Exhibit 28's findings of fact, opinions, and conclusions are the product of the arbitrator's observations of testimony and documentary evidence presented in the arbitration hearing. Thus, according to Sievert, those portions of the opinion relied upon by the City in support of its motion which reference that testimony and documentary evidence are inadmissible as they are out of court statements offered to prove the veracity of those statements.

///

1    The court has reviewed the documents and pleadings on file in this matter and finds that
Exhibit 28 is not inadmissible hearsay. Under the Federal Rules of Evidence, hearsay is not
admissible absent a federal statute or under certain exceptions. FED. R. EVID. 802. A hearsay
statement is any statement that a declarant made outside the presence of the court that is offered to
"prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c).

    Here, the court finds that the arbitrator's opinion is not being offered to prove the matter
asserted, namely, that the facts laid out in the opinion are true. Rather, the arbitrator's opinion is
being offered by the City to demonstrate the resultant effect that decision had on Sievert and the
City's fire chief. For example, after the arbitrator issued her opinion and award, the opinion was
posted by the union on its website. Sievert then approached the fire chief to complain about the
opinion's presence online and asked that it be removed (even though the fire chief had no authority
to remove it) because she believed it placed her in a bad light. As alleged in her complaint, the
publication of the arbitrator's opinion by the union and its alleged subsequent effect on her
2011 performance review was one of the catalysts for her retaliation claim against the City. Thus,
the effect the opinion had on Sievert and the fire chief is relevant to this action. Therefore, the court
finds that Exhibit 28 is not inadmissible hearsay. *See United States v. Kirk*, 844 F.2d 660, 663 (9th
Cir. 1988) (holding that a statement is not hearsay when it is offered to demonstrate the effect the
statement had on the hearer).

    Additionally, even if certain parts of the arbitrator's opinion are being offered for the truth
of the matter asserted, the court finds that Exhibit 28 is admissible under the residual hearsay
exception of Rule 807. Rule 807 provides in pertinent part that "a hearsay statement is not excluded
by the rule against hearsay" if "(1) the statement has equivalent circumstantial guarantees of
trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point
at which it is offered than any other evidence that the proponent can obtain through reasonable
efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice."
FED. R. EVID. 807(a).

3

Here, the court finds that the arbitrator's opinion falls within the narrow residual hearsay exception. First, the arbitrator's opinion has the equivalent circumstantial guarantees of trustworthiness as the arbitrator was a neutral third party with no motive to favor either side, all the witnesses at the hearing swore on oath to tell the truth, and all the witnesses were subject to cross-examination by both the City and the union. Further, the witnesses' statements were made closer in time to the event in question than any other testimony currently before the court. Second, the evidence is offered to prove certain material facts about Sievert's employment relationship with Christopher Jones. Third, the arbitrator's opinion is the most probative evidence on several facts including Sievert's ranking of candidates, her statements to the other members of the promotional board, and the other members' response to her statements. Finally, the court finds that admitting the arbitrator's opinion will promote the interest of justice as it forms part of the basis for Sievert's underlying retaliation claim. Therefore, the court shall deny Sievert's motion as to Exhibit 28.

**2. Exhibit 32 and 56**

Exhibit 32 is an investigative report authored by Sandra Ketner and Neil Alexander, attorneys hired by the department to investigate Sievert's 2011 allegations of retaliation and discrimination against the City. *See* Doc. #26, Exhibit 32. Exhibit 56 is an investigative report authored by Megan Starich, Esq., in response to Sievert's 2012 allegations of discrimination, harassment and retaliation against the City. *See* Doc. #26, Exhibit 56. Both documents consist of findings of fact and advisory opinions on Sievert's claims.

In her motion, Sievert argues that Exhibits 32 and 56 contain inadmissible hearsay, and thus, they should be stricken from the record. *See* Doc. #31. In particular, Sievert contends that the reports' findings of fact and advisory opinions are the product of the investigating attorneys' own observations of testimony and review of documentary evidence. Thus, according to Sievert, those portions of the investigate reports relied upon by the City in support of its motion which reference that testimony and documentary evidence are inadmissible as they are out of court statements offered to prove the veracity of those statements and should excluded.

The court has reviewed Sievert's motion and finds that it is without merit. The court notes that both Sandra Ketner and Megan Starich will be available for trial and are identified as witnesses by the City. Because the declarants of the investigate reports will be available at trial to testify directly about the reports' findings, these reports are admissible at summary judgment. *See Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (holding that because a document's contents could be presented in an admissible form at trial, the court may consider the document's contents in evaluating a summary judgment motion); *Williams v. Borough of W. Chester*, 891 F.2d 458, 465 n.12 (3rd Cir. 1989) (holding that hearsay evidence produced at summary judgment may be considered if the out-of-court declarant could later present that evidence through direct testimony at trial). Therefore, the court shall deny Sievert's motion as to Exhibits 32 and 56.

IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. #31) is DENIED.

IT IS SO ORDERED.

DATED this 31st day of January, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE