UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GINNY SIEVERT,

    Plaintiff,

v.

THE CITY OF SPARKS,

    Defendant.

3:12-cv-0526-LRH-WGC

ORDER

*Before* the court is defendant the City of Sparks, Nevada's (the "City") motion for summary judgment. Doc. #26.[1] Plaintiff Ginny Sievert ("Sievert") filed an opposition (Doc. #32) to which the City replied (Doc. #43).

## I. Facts and Background

Defendant Sievert is an employee of the City, and has been employed by the City's fire department since 1994. At the time she was hired, Sievert was the City's first female firefighter.

In October 2011, Sievert, then a Captain with the department, was selected to serve on a promotional board to review eight applicants for a promotion to Fire Apparatus Officer. One of the applicants, Firefighter Christopher Jones ("Jones"), was not promoted because of comments Sievert made about Jones to other members of the promotional board after his interview. Jones subsequently filed a union grievance against the City for failure to provide an unbiased promotional

---

[1] Refers to the court's docket number.

board. The grievance was submitted to arbitration and the arbitrator issued an award in favor of Jones and against the City. After the award was issued, the union posted the arbitration award on its website.

In January 2012, Sievert received an unfavorable annual performance review which referenced the arbitration award and her supervision of Jones. On March 8, 2012, Sievert filed a formal complaint for gender discrimination and retaliation with the EEOC and received a "Right to Sue" letter in June 2011. Subsequently, on September 27, 2012, Sievert filed a complaint against the City alleging two causes of action: (1) Title VII gender discrimination; and (2) Title VII retaliation. Doc. #1. Sievert filed an amended complaint on November 8, 2012. Doc. #13. Thereafter, the City filed the present motion for summary judgment. Doc. #26.

## II.     Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson*

2

1  *Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the
2  outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
3  (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is
4  not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material
5  fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for
6  the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of
7  evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;
8  there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

    **A.  Gender Discrimination**

Title VII prohibits discrimination against an employee or an applicant for employment on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). To prevail on a Title VII discrimination claim, a plaintiff must establish a *prima facie* case of discrimination by presenting evidence that "gives rise to an inference of unlawful discrimination." *Cordova v. State Farm Ins. Co.*, 124 F.3d 1145, 1148 (9th Cir. 1997); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A plaintiff can establish a *prima facie* case of discrimination through the burden shifting framework set forth in *McDonnell Douglas*. *Metoyer v. Chassman*, 504 F.3d 919, 931 (9th Cir. 2007).

Under the *McDonnell Douglas* framework, the plaintiff carries the initial burden of establishing a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. To establish a *prima facie* case, the plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for her position and was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (citing *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1126 (9th Cir. 2000)); *see also, Bodett v. Coxcom, Inc.*, 366 F.3d 726, 743 (9th Cir. 2004); *Orr v. Univ. Med. Ctr.*, 51 Fed. Appx. 277 ("An implicit

part of the "qualification" requirement is that the plaintiff was performing her job satisfactorily). If the plaintiff succeeds in establishing a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. *McDonnell Douglas*, 411 U.S. at 802. If the defendant provides such a justification, the burden shifts back to the plaintiff to show that the defendant's justification is a mere pretext for discrimination. *Id.* at 804.

In its motion, the City raises several arguments contending that Sievert has failed to state a *prima facie* claim of gender discrimination. *See* Doc. #26. First, the City argues that Sievert has not been subjected to any adverse employment action. Second, the City argues that there is no evidence that similarly situated employees were treated better. Finally, the City argues that there is no evidence of any gender discrimination by any of Sievert's supervisors or co-workers.

In her opposition, Sievert fails to address the City's arguments that she does not state a *prima facie* claim of Title VII gender discrimination. In fact, at no point in her opposition does she mention her gender discrimination claim. Rather, her entire opposition is devoted to her Title VII retaliation claim. As such, the court finds that Sievert has abandoned her Title VII gender discrimination claim. *See e.g., Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (holding that failure to raise a claim in an opposition to a motion for summary judgment constitutes abandonment of that claim) (citing *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)). Accordingly, the court shall grant the City's motion as to this claim.

**B. Retaliation**

In addition to prohibiting gender discrimination, Title VII also prohibits retaliation by making it unlawful "for an employer to discriminate against any of [its] employees . . . because [she] has opposed any practice that is made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation, a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two. *Brooks*, 229 F.3d at 928 (citing *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080

4

(9th Cir. 1997)). "Essential to casual link is evidence that the employer was aware that the plaintiff had engaged in the protected activity." *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).

In her amended complaint, Sievert alleges that her former supervisor, Battalion Chief Carl Blincoe ("Blincoe"), retaliated against her for failing to promote Firefighter Jones. *See* Doc. #13. However, in her opposition, Sievert raises two new retaliation claims that were not contained in the first amended complaint. First, Sievert claims that Battalion Chief Blincoe retaliated against her because she disclosed to the promotional board that Firefighter Jones had committed several acts in violation of Title VII during his employment. Prior to filing her opposition, Sievert had only ever described Firefighter Jones's undisclosed behavior as immature and unprofessional. Second, Sievert claims that she was retaliated against by Battalion Chief Blincoe after she filed a gender discrimination complaint against him with the department.

As neither of these new bases for her Title VII retaliation claim were identified in Sievert's amended complaint, the City has not had an opportunity to address and brief them. Accordingly, the court shall deny the City's motion without prejudice and grant the City thirty days to file a renewed motion for summary judgment on this claim. Along with a renewed motion for summary judgment, the court would consider limited discovery into these new allegations if requested by the parties.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #26) is GRANTED in-part and DENIED in-part in accordance with this order. Plaintiff's first cause of action for gender discrimination is DISMISSED.

IT IS FURTHER ORDERED that defendant shall have thirty (30) days from entry of this order to submit a renewed motion for summary judgment on plaintiff's second cause of action for Title VII retaliation.

IT IS FURTHER ORDERED that defendant's motion for leave to file excess pages (Doc. #25) is GRANTED *nunc pro tunc*.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file excess pages (Doc. #33) is GRANTED *nunc pro tunc*.

IT IS SO ORDERED.

DATED this 21st day of March, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE